# Jesse Critchlow, Plff. in Err., v. J. Carner Critchlow, et al.

The title of a purchaser, who is not the execution plaintiff, of land sold under a writ of *venditioni exponas*, cannot be questioned for alleged irregularities in the proceedings, as, for omission of plaintiff to notify defendant to accept the property at its extended rental valuation, or to make affidavit that such rental had not been paid, as directed by the act of October 13, 1840, §§ 2, 3, where defendant made no objection to the acknowledgment of the sheriff's deed, went out of possession of the land, allowed the purchase money to be applied to the payment of the judgment and made no objection to the possession of the purchaser until thirteen years thereafter, when the premises nad greatly increased in value by the drilling of an oil well thereon.

(Argued October 17, 1887.   Decided October 31, 1887.)

October Term, 1887, No. 71, W. D., before GORDON, Ch. J., PAXSON, GREEN, and WILLIAMS, JJ.   Error to the Common Pleas of Butler County to review a judgment for defendants in ejectment.   Affirmed.

This was ejectment for land, formerly belonging to plaintiff, and which defendants claimed as purchasers at a sheriff's sale upon a judgment in favor of a stranger to this suit.

Plaintiff contended that the sheriff's sale was insufficient to convey title, because the plaintiff therein had omitted to notify the defendant to accept the property at its rental value or to make affidavit that such rental value had not been paid, as required by act of October 13, 1840, §§ 2, 3.

The evidence established the following facts: Jesse Critchlow, the plaintiff in this ejectment, was seised of the land, when on September 6, 1856, one J. L. Welsh recovered against him a judgment before a justice of the peace for $8.86, and execution thereon was returned "No property."

The judgment was removed to the court of common pleas and its lien continued by several revivals.

On May 1, 1873, a fieri facias was issued thereon by John L.

NOTE.—The acknowledgment of a sheriff's deed cures all irregularities or defects of form.  McLaughlin v. McLaughlin, 85 Pa. 317; Steele v. Hull, 95 Pa. 497; Cock v. Thornton, 108 Pa. 640, 16 W. N. C. 117.  And applications to set aside the execution should be made before that time.  Blair v. Greenway, 1 Browne (Pa.) 218; McQuillan v. Hunter, 1 Phila. 49.

Welsh to the use of one J. W. Brandon for $17.69 and levy made upon the land claimed in this present ejectment, which was returned: "Notice of inquisition given by posting on property and *non est inventus* as to defendant." An inquisition was held June 6, 1873, and returned "Property extended at the sum of $12 per annum." The execution plaintiff's attorneys delivered to the sheriff a written notice electing to permit the execution defendant to retain possession of the land and requiring him to signify within thirty days his willingness to retain the land at such valuation. This notice the sheriff indorsed "September 17, 1873, *Nihil.* So answers John T. Kelly, Sheriff."

This notice was written on a written blank and the spaces for dates were left blank, and there was no date thereon except the above indorsement of the sheriff.

There was no evidence to show this notice was served on defendant therein and it was admitted in evidence in this ejectment against the objection of the plaintiff herein.

On February 12, 1874, a *venditioni exponas* was issued on said judgment and in pursuance thereof the land in question sold, March 9, 1874, to one John M. Thompson for $100, to whom a sheriff's deed was made and acknowledged on March 11, 1874. Subsequently, Thompson conveyed the premises to John Critchlow, one of the defendants, who subsequently made an oil lease thereof to J. J. Leidecker *et al.,* the other defendants. Plaintiff herein resided on the land from 1848 to 1872. Immediately after the sheriff's sale, or about March 20, 1874, defendant John Critchlow went into possession and so continued at the time this ejectment was brought, the land having been erroneously increased in value by an oil well dug by defendants. Plaintiff herein made no objection to the proceedings above recited, up to the issuing of this ejectment, on October 27, 1886.

The court, HAZEN, P. J., instructed the jury that plaintiff's omission to object to the sheriff's sale within a reasonable time, and his acquiescence therein estop him from now objecting to its validity, and directed the jury to find for defendants.

The jury found for defendants and plaintiff brought this writ of error, assigning as error: the admission in evidence of the sheriff's deed and proceedings in pursuance of which the same was made, and the refusal to affirm his first, second, third, fourth, and fifth points, respectively, to the effect that the *venditioni exponas* was void because no notice of extension had been

served upon defendant therein, and because there was no affidavit of defendant's refusal to retain the premises at the valued rental, or that defendant had neglected to pay such rent; that the said writ was void on its face; that the sheriff's deed was therefore void; and that upon the evidence plaintiff should recover.

*E. McJunkin, R. P. Scott,* and *McJunkin & Galbreath,* for plaintiff in error.—The proceedings were irregular and void under the act of October 13, 1840, §§ 2, 3.   Notice to accept an affidavit of refusal must be in writing.   Black v. Aber, 2 Grant Cas. 208.

The alleged notice to accept is without date and never was served on defendant or filed.

Absence of authority utterly frustrates a sheriff's sale and renders it void from beginning.   Shields v. Miltenberger, 14 Pa. 78; Cock v. Thornton, 108 Pa. 640.

This may be taken advantage of after acknowledgment of the sheriff's deed.   Shields v. Miltenberger, 14 Pa. 78; Dale v. Medcalf, 9 Pa. 109.

The affidavit is an essential prerequisite to the writ of *vend. ex.* when issued by reason of default in payment.   Black v. Aber, 2 Grant Cas. 208.

The defendant did not have the benefit of the inquisition held; and under the above authorities the sale is void.

*Charles McCandless, Thompson & Son,* and *S. F. Bowser,* for defendants in error.—Notice to accept at the rental found by the inquisition was attempted to be served by the sheriff; and his return thereon of *"Nihil"* is equivalent to *non est inventus;* and defendant having failed to pay the rent is not injured by the absence of an affidavit thereof.

The acknowledgment of the sheriff's deed cured irregularities; and plaintiff's acquiescence for thirteen years, his leaving possession of the land, then of very small value, and permitting the purchase money to be applied to the payment of the judgment, estop him now from objecting to the title of defendants, after they have expended large sums of money and developed an oil well, daily yielding 500 barrels of oil.

Objections for irregularity cannot be made after acknowledgment of sheriff's deed.   Shields v. Miltenberger, 14 Pa. 76;

Black v. Aber, 2 Grant Cas. 208; Stroble v. Smith, 8 Watts, 281; Cock v. Thornton, 108 Pa. 640.

If a statute be only directory, then, although notice is necessary to avoid error on appeal, yet it is not essential to the validity of the decree and sale when they are questioned in a collateral proceeding. Rorer, Judicial Sales, § 315, 2d ed.

In Spragg v. Shriver, 25 Pa. 282, 64 Am. Dec. 698, where no inquisition was held, it was said that the objection must be made within a reasonable time.

What is a reasonable time is defined in Crowell v. Meconkey, 5 Pa. 174; Wray v. Miller, 20 Pa. 115; and Mitchell v. Freedley, 10 Pa. 203.

A sale without inquisition and condemnation or waiver of inquisition will not be avoided unless defendant object within a reasonable time. Wray v. Miller, 20 Pa. 111; Spragg v. Shriver, 25 Pa. 282, 64 Am. Dec. 698; Berg v. McLafferty, 17 W. N. C. 75.

Cash v. Tozer, 1 Watts & S. 519, and Dale v. Medcalf, 9 Pa. 108 cited by plaintiff, are irrelevant, being both cases of defective authority.

PER CURIAM:

If there were any irregularities in the sheriff's sale of plaintiff's land in 1874 he has been a long time in finding it out. He allowed the sheriff's deed to be acknowledged without objection; went out of possession and remained out until the present time; allowed the purchase money to be applied to the payment of his debts; made no objection to the possession of the defendants until he brought this suit in 1876, when the premises had enormously increased in value by reason of a productive oil well thereon.

His long acquiescence and the changed circumstances forbid us to be astute in discovering technical defects in the defendant's title. At most they are trivial, mere irregularities which should have been taken advantage of before the acknowledgment of the sheriff's deed. That is a panacea for irregularities.

Judgment affirmed.